TERRY *et al. v.* COMMISSIONERS OF COOKEVILLE.

(*Nashville,* December Term, 1946.)

Opinion filed January 11, 1947.

348

GEORGE B. HAILE, of Cookeville, and LEWIS S. POPE, of Nashville, for complainants, Benton Terry, and others.

H. H. CLARK, of Cookeville, and H. B. McGINNESS, of Carthage, for defendants, Commissioners of Cookeville.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The original bill in this cause was filed by certain citizens and taxpayers of Cookeville, against the Mayor and two Commissioners of the Town, attacking, (1) the constitutionality of Chap. 359, Private Acts of 1945: "An Act to authorize Cookeville, Tennessee, to issue bonds in an amount not exceeding $100,000.00, for the purpose of improving its hospital facilities."

(2) The action of the Defendant Commissioners taken to issue and sell bonds in pursuance of the provisions of the aforesaid Act.

The bill sought an injunction to prevent the Defendants from proceeding further with the issue and sale of the bonds until a determination of the questions raised by the bill. The injunction was granted as prayed on the filing of the bill.

Defendant Commissioner Carlen filed an answer to the bill with which he coupled an intervening petition seeking a declaration of his rights and duties. The Chancellor approved the filing of the petition and made a declaration of rights in connection with his disposition of the

other questions presented. Defendant Commissioner Carlen has not perfected an appeal.

Defendant Commissioners Mahler and Foster demurred to the bill on seven grounds. The Chancellor sustained four grounds of the demurrer and overruled three, and Complainants and Defendants Mahler and Foster have appealed from those parts of the decree which were adverse to their respective contentions.

To simplify this opinion, we consider the questions as they were presented to the Chancellor in the demurrer, since one or other of the parties has assigned error on the action of the Chancellor on each of the seven grounds of that pleading.

It is asserted by the Complainants that Chapter 359, Private Acts of 1945, violates section 17, Article II of the Constitution of the State of Tennessee, in that the body of the Act is broader than the caption. We find no merit in this contention. The caption of the Act is as we have quoted it above. As the Chancellor said: "The Court is of the opinion that all matters set forth in the body of the Act are reasonably and naturally connected with and related to the general subject or purpose expressed in the title, and are germane to it, . . . "

We entirely agree with this clear statement and add only that the Complainants fail to specify any matter contained in the body of the bill which was not relevant to the purpose of the bill as set out in the caption.

The second and third grounds of the demurrer are interlocked and may be considered together. Although section five of the Act provided: "That none of said bonds authorized to be issued by this Act shall be issued without the passage of an ordinance by the Commissioners," and section seven of the Act provided "That it shall be the duty of the Commissioners of Cookeville,

Tennessee, to pass such ordinance or ordinances to submit the proposition on the issuance of bonds to the qualified voters of Cookeville, Tennessee," the Commissioners did not pass an ordinance, but undertook to call the election on resolution and without the formality and the more deliberate action which the passage of an ordinance required. The resolution was made effective immediately. With regard to the passage of an ordinance, part of section 44 of the Charter of Cookeville provides: "That no ordinance passed by the Commissioners of Cookeville . . . shall go into effect before ten days from the time of its final passage, and if during said ten days a petition signed by electors of Cookeville, Tennessee, equal in number to at least twenty-five per centum of the entire vote cast for all candidates for Commissioners the last preceding general municipal election at which a commissioner was elected, protesting against the passage of such ordinance, be presented to the Commissioners of Cookeville, the same shall thereupon be suspended from going into operation, and it shall be the duty of the Commissioners of Cookeville, to reconsider such ordinance, and if the same is not entirely repealed or modified in accordance with the terms of said petition, the Commissioners of Cookeville shall submit such ordinance to a vote of the electors of Cookeville, Tennessee. . . . ",

It is argued that the provision for an ordinance is directory merely and that the Complainants were not prejudiced since they had a vote on the subject at the election called on the authority of the resolution. We cannot agree, and think the Chancellor correctly applied the rule made in *Keenan & Wade* v. *City of Trenton,* 130 Tenn. 71, at page 80, 168 S. W.1053, at page 1055, Ann Cas. 1916B, 519: ". . . , yet the legislative stipulation, here appearing, that the manner of exercise should be by way of

ordinance made it incumbent in order to validity, that such more deliberate form of authorization should have been adopted.'' (Citing many cases.)

It is an elementary and well settled proposition that the conditions attached to legislative grants to municipalities to issue bonds are to be strictly construed and clearly followed. *Burnett* v. *Maloney,* 97 Tenn. 697, 715, 137 S. W. 689, 34 L. R. A. 541; *Taxpayers of Town of Milan, etc.,* v. *Tennessee Cent. Railroad,* 79 Tenn. 329, 334; *Louisville & N. R. R. Co.* v. *Davidson County Court,* 33 Tenn. 637, 62 Am. Dec. 424; *Grant* v. *Lindsay,* 58 Tenn. 651, 666; *Railway Co.* v. *Wilson County,* 89 Tenn. 597, 604, 15 S. W. 446. As stated the Chancellor overruled this ground of the demurrer and in so doing, we think he acted correctly, and the assignment of error in that regard is overruled.

The third ground of the demurrer was sustained by the Chancellor and in its ultimate analysis, presents the question whether with the proceeds of the bonds as they were authorized to be issued by the voters, the Commissioners could buy and construct a new hospital or were confined in expending the funds to the improvement of the one now operated by the municipality.

The resolution calling the election expressed the purpose of the issue of the bonds to be: ''. . . for the purpose of improving present hospital facilities of said city.''

Accepting the allegations of the bill, as we must on demurrer, it appears that the Commissioners do not propose to confine their expenditure of the proceeds of the bonds to improving the present hospital. In view of the provisions of the Act that the proceeds from the bonds can be expended ''for the purpose of its (Cookeville's) present facility, or by erecting a new facility, or both,'' we think this explanation of the purpose failed to comply

with the express provisions of sections five and seven of the enabling Act, where the Commissioners are directed to pass an ordinance or ordinances specifying the purpose for which said bonds are sold. Section seven of the Act further emphasizes this direction and enjoins the Commissioners to pass such ordinance or ordinances as may be necessary to submit the proposition to the qualified voters. This language clearly indicates, if reason and equity did not, that the ordinance shall specify whether the proceeds of the bonds will be used to improve the present hospital, to purchase a new hospital, or for both purposes. Only by this means could the voters intelligently vote at the election. The Chancellor overruled this ground of the demurrer, and we overrule the assignment of error to his action in this regard.

The fourth ground of demurrer is concerned with an allegation in the bill, that the Commissioners had failed to levy a tax for the liquidation of the bonds as they were directed to do by the enabling Act. The ground of the demurrer was that since at the time the bill was filed, seven months of the year remained during which the Commissioners might make the levy, that the law would presume that the Defendant Commissioners as public officials, would discharge the duties of office and that, therefore, the attack was premature. The Chancellor correctly sustained this ground of the demurrer, and assignment to his action in so doing is overruled.

The bill assails a contract made by the Defendant Commissioners with the Equitable Securities Corporation which would necessitate the expenditure of $1,000. The fifth ground of the demurrer defends this action of the Commissioners. Section 34 of the Charter of Cookeville requires that before there be an expenditure of more than $150 in money, that there shall be an advertisement

and letting on bids. Complainants insist that the contract with the Equitable Securities Corporation requiring the expenditure of $1,000, is in violation of this provision of the Charter. The purpose of the contract with the Equitable Securities Corporation was to obtain expert advise and service in connection with the bond issue. There was no allegation that there was anything improper or unreasonable about the contract, nor that the expert services were not requisite and necessary for the issue of the bonds. We think it clear that section 34 of the Charter has no application to this expenditure, and that the authority and power granted the Commissioners by Chapter 359 of the Private Acts of 1945, superseded that provision of the Charter, and authorized the Commissioners to issue the bonds, and in so doing, to incur and defray all expense which was reasonably necessary and incident thereto. The Chancellor so held by sustaining this ground of the demurrer, and we overrule the assignment of error to his action in this regard.

▮ The sixth ground of demurrer had to do with the purchase by the Defendant Commissioners of property known as the Gregory Property, to be used as a site for a new hospital. The purchase or proposed purchase was assailed in the bill and defended in the demurrer. The Chancellor overruled this ground of the demurrer. In view of our action on the second and third grounds of the demurrer, we agree with his action here, since the propriety of the purchase of property for a new hospital site must depend on the authority vested in the Defendant Commissioners by the vote at the bond election. The assignment of error to this action of the Chancellor is accordingly overruled.

The bill sought, in effect, a permanent injunction of further action by the Defendant Commissioners for a new hospital, or for the improvement of the old one.

The seventh ground of demurrer is directed at this aspect of the bill. The Chancellor correctly sustained this ground of the demurrer, and the assignment of error to his action in that regard is overruled.

All assignments of error are overruled and the Chancellor's decree is in all respects affirmed. The Appellants and Appellees will divide the costs.